M. L. WATSON and P. L. WATSON v. PEPPER & COFFRIN, INC., *et al.*

184 So. 131.
Opinion Filed October 15, 1938.
Rehearing Denied November 14, 1938.

*Yonge & Anderson,* for Appellants;

*Stapp, Gourley, Ward & Ward,* for Appellees.

PER CURIAM.—The appeal herein is from the following decree:

"This cause came on to be heard upon the application of the plaintiff for a restraining order as prayed for in plaintiff's sworn bill of complaint, and it appearing that notice of the hearing was duly given and the parties by their counsel being present before the Court, after argument of counsel and being advised in the premises, the Court finds as follows:

"(1) That M. L. Watson, one of the defendants, brought suit in the Civil Court of Record against the plaintiff herein and also the Atlantic Refining Company, a corporation; that the said suit was an assumpsit in which plaintiff sought to recover a certain sum of money upon a written contract; that the declaration in said cause also contained the common counts; that said cause proceeded to judgment on demurrer in favor of the defendant, Atlantic Refining Company, and against the plaintiff, and said cause was dismissed as to Pepper & Coffrin, Inc., on motion of plaintiff.

"(2) That plaintiff in the Lower Court sued out writ of error to the Circuit Court from the judgment of the Lower Court against the plaintiff.

"(3) That said cause was argued by briefs before the Appellate Court and also that an opinion was rendered by the Hon. Paul D. Barns, one of the Judges of the Circuit Court aforesaid, reversing the judgment of the Lower Court, which said opinion and judgment has been concurred in by another of the Judges of the Circuit Court and that said cause still stands upon appeal.

"In the present cause, plaintiff, by what is designated as a bill of interpleader, recites the various contracts and agreements upon which the said suit in the Civil Court of Record was prosecuted.

"In making this order the bill of complaint herein must be treated as an original bill for injunction and not as a bill of interpleader.

"The Court therefore finds that the cause set for trial in the Civil Court of Record wherein M. L. Watson is plaintiff and Pepper & Coffrin, Inc., is defendant, should not proceed until the other cause lately pending in the Civil Court of Record should be fully heard and determined by the Appellate Court.

"It is therefore ORDERED, ADJUDGED AND DECREED that the temporary restraining order prayed for in plaintiff's bill of complaint should be and the same is hereby granted and that the defendants, M. L. Watson and P. L. Watson, are restrained and enjoined from proceeding further in the Civil Court of Record against the plaintiff in this cause until the further order of the Court in this behalf.

"It is further ORDERED, ADJUDGED AND DECREED that plaintiff furnish bond with security in the sum of $5,000.00 payable to defendant and conditioned to pay all costs and damages including reasonable attorneys' fees which defend-

ant may sustain by reason of suing out this temporary restraining order should the injunction be dissolved or cause dismissed."

The appellants contend that it was error to grant the injunction after the decree stated that:

"In making this order the bill of complaint herein must be treated as an original bill for injunction and not as a bill of interpleader."

On cross assignment of error the appellee, Pepper and Coffrin, Inc., in effect contends that the bill of complaint is sufficient as a bill of interpelader and that whether so sufficient or not, the bill justified the discretionary temporary injunction, since the action pending in the Circuit Court on writ of error is so related to the action enjoined and to parties to this suit that the injunction was justified on the allegations of the bill of complaint, under the general constitutional equity jurisdiction of the Circuit Court.

This Court concludes upon an examination of the record, that the discretionary interlocutory injunction is not clearly shown to be error, and it is therefore affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.